IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN PAGAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-4751** |
| | : | |
| **MORRIS HOUSER, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : : : | |

## ORDER

**AND NOW**, this 14th day of March 2025, upon careful and independent review of the incarcerated Juan Pagan's pro se Petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF 1, 8), the Commonwealth's Response (ECF 21), Mr. Pagan's Reply (ECF 34), Judge Reid's exhaustive February 19, 2025 Report recommending we deny the Petition (ECF 35), noting Mr. Pagan did not timely object, and for good cause, it is **ORDERED** we:

1. **APPROVE AND ADOPT** Judge Reid's Report and Recommendation (ECF 35);

2. **DISMISS AND DENY** the Petition for writ of habeas corpus (ECF 1, 8) with prejudice as the:

    a. claim for ineffective assistance challenging trial counsel's decision to not directly appeal his conviction is unexhausted and procedurally defaulted;

    b. Pennsylvania courts' decisions finding the SORNA Registration Act Subchapter I may be applied retroactively is procedurally defaulted and is not excused under *Martinez* applying only to claims of ineffectiveness of counsel, and, even if considered on the merits, is not contrary to established federal law; [1]

---

[1] *Martinez v. Ryan*, 566 U.S. 1 (2012).

    c. claim for ineffective plea counsel in not arguing the Commonwealth violated Pennsylvania's speedy trial rule under Pa. R. Crim. P. 600 is procedurally defaulted and cannot be excused under *Martinez* absent a basis to find a substantial underlying claim of trial counsel's ineffectiveness as counsel cannot be found ineffective for declining to argue a meritless claim;

  3. **DENY** a certificate of appealability;[2] and,

  4. The Clerk of the Court shall **close** this case.

               *[signature]*
               **KEARNEY, J**.

---

[2] We find no basis for a certificate of appealability. A certificate of appealability may issue only if Mr. Pagan makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Pagan satisfies this standard by showing "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not disagree with our determination Mr. Pagan's claims are unexhausted and procedurally defaulted, not excused by *Martinez*, and, even if considered on the merits, is not contrary to established federal law.